UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KEITHELL COLLINS, as administrator of the Estate of Christopher Collins, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 11-173-ART |
| v. | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| BUDDY MOORE TRUCKING, INC., et al., | ) ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiffs, Keithell and Dorothy Collins, had hoped to keep this case out of federal court by including G&W Construction, Inc. as a non-diverse defendant. But in their push to secure the preferred forum, the plaintiffs forgot to check whether their claims against G&W made any sense. They do not. The plaintiffs were quick to point to this Court's past opinions questioning the soundness of the fraudulent joinder doctrine. But despite the Court's misgivings, this case gives fraudulent joinder a good name. Moreover, while the Court may question the doctrine, it must continue to employ the fraudulent joinder doctrine until higher powers say otherwise. G&W is severed as a defendant and, in turn, dismissed.

## BACKGROUND

This case arises out of a tragic motor vehicle accident on January 21, 2011. R. 1-3 at 2. Defendant Calvin Turner, an employee of Defendant Buddy Moore Trucking, was hauling a load of pipe to Carr Creek Lake Marina in a Freightliner tractor-trailer truck. R. 13 at 1. He was delivering the pipe to Defendant G&W Construction, the general contractor of a

public works project at the marina known as Carr Creek Waterline Project Phase II. R. 1-3 at 4. G&W bought the piping from US Pipe, which in turn hired Buddy Moore Trucking to make the delivery. R. 7-1 at 2. Delivery was scheduled for 8:00 a.m., and G&W employees were to help unload the truck. R. 13 at 1-2.

Around midnight, R. 13-2 at 1, Turner missed the turn off of the highway. R. 1-3 at 3. Realizing his mistake, Turner came to a complete stop and attempted to turn around by backing up. *Id.* Christopher Collins was driving in the northbound lane just as Turner's trailer crossed into it. *Id.* Collins struck the trailer and was pronounced dead at the scene by the Knott County Coroner. R. 13-2 at 2.

On October 14, 2011, Keithell and Dorothy Collins filed suit in Knott County Circuit Court on behalf of their son Christopher's estate. R 1-3 at 1. The plaintiffs named Buddy Moore Trucking, Calvin Turner, G&W Construction, and National Specialty Insurance Company as defendants. On November 14, 2011, Buddy Moore Trucking removed this case from state court. R. 1. It asserted that the Court had diversity jurisdiction because the plaintiffs fraudulently joined the only non-diverse defendant, G&W, and the amount in controversy exceeded $75,000. R. 1. On December 8, 2011, G&W filed a motion to dismiss all claims against it, alleging that the plaintiffs could not sustain their negligence claims because G&W owed no duty to Christopher Collins. R. 7-1 at 2. The next day, the plaintiffs filed a motion to remand. R. 8. The plaintiffs do not challenge that the amount in controversy exceeds $75,000, but assert that G&W is a proper defendant in the suit. R. 8.

2

**DISCUSSION**

I.    **The Plaintiffs' Motion to Remand**

As the party invoking fraudulent joinder, Buddy Moore Trucking must demonstrate that there is no "colorable basis for predicting" that the plaintiffs may recover against G&W. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). This is not easy; Buddy Moore Trucking has a "heavy burden" because it must show that the plaintiffs' claims against G&W do not have even "a glimmer of hope." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (Thapar, J.). Additionally, the Court must resolve disputed questions of fact and all ambiguities in the controlling state law in favor of the plaintiffs. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Buddy Moore Trucking easily hurdles these obstacles because the plaintiffs cannot sustain a negligence claim against G&W. The plaintiffs present a two-part theory of negligence: (1) that G&W was careless to schedule delivery of the pipes on a snowy night by an out-of-state driver, R. 8-1 at 3, and (2) that G&W was responsible for the safety of the entire project, making the company liable to any person injured by anything or anyone connected with the project, *id.* at 10. Both grounds are baseless. In order to state a negligence claim under Kentucky law, the plaintiffs must establish (1) a duty on the part of G&W, (2) a breach of that duty, and (3) injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). The plaintiffs' principal deficiency is that they cannot establish that G&W owed Christopher Collins a duty. The plaintiffs do not allege a duty by way of a principal-agent theory. Instead, the plaintiffs allege that G&W's project contract created direct safety duties. But this is wrong for two reasons. First, insofar as the plaintiffs claim

that Christopher Collins was harmed because G&W breached its contract, they cannot maintain an "action for negligence" because Christopher Collins was neither "a party to the contract" nor "in privity" with parties to the contract. *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004).

Second, even taking the plaintiff's allegations at face value, the contract at best creates safety duties limited to the project site. The plaintiffs' first theory of negligence—that G&W is liable because it scheduled the delivery of the pipe—is belied by the contract. The contract states that G&W is responsible for the "coordination of activities," including "scheduling delivery of materials, storage of materials, [and] sequencing of construction." R. 8-3 at 2. But the purpose of such coordination is to "ensure a safe, efficient working environment." *Id.* The contract does not make G&W responsible for the manner and route that items should be shipped. In fact, G&W had no input or control over the delivery of the pipe: US Pipe ordered the piping materials and Buddy Moore Trucking shipped the goods. R. 12 at 4. G&W's sole responsibility was to schedule a delivery time that would be safe and efficient for the project site. G&W did this by setting a delivery time of 8:00 a.m. and arranging to have a crew unload the pipes. R. 13 at 1-2.

The plaintiffs' second theory of negligence—that G&W has a universal safety duty—fares no better. Neither the contract nor case law impose such a broad duty on G&W. The plaintiffs claim that § 6.13(A)(1) of the contract creates a universal duty for G&W by stating that G&W "shall take all necessary precautions for the safety of . . . all persons on the Site or who may be affected by the Work." R. 8-4 § 6.13(A). The plaintiffs assert that "who may be affected by Work" must include Christopher Collins. R. 8-1 at 10-11. Read out of

4

context, the phrase *might* support this interpretation, but a broad reading is inappropriate for several reasons. First, the entirety of the contract makes clear that G&W's safety duties are limited to the site. Under Kentucky law, "[w]hen no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005). Other safety-related provisions include hiring an on-site safety representative, R. 8-4 § 6.14, and ensuring that proper arrangements are made for unloading material delivered to the site, R. 8-5 § AA. Reading § 6.13(A)(1) as creating a universal duty of safety swallows up the rest of these provisions.

Second, Kentucky courts disfavor reading broad duties into contracts when it is not clear that a party intended to take on the responsibility. *See, e.g.*, *Penco, Inc. v. Detrex Chem. Indus., Inc.*, 672 S.W.2d 948, 951 (Ky. App. 1984) (citing *B&C Constr. Co. v. Grain Handling Corp.*, 521 S.W.2d 98 (Tex. Civ. App. 1975)); *see also Smith v. Hensley*, 354 S.W.2d 744, 746 (Ky. 1962) (finding that there was "no basis" to conclude that a party committed an act with the intent that he would "assume all risk of loss"). The plaintiffs cite no provisions or offer any kind of evidence indicating G&W intended to take an abnormally broad safety duty.

Finally, a universal duty would make G&W responsible to every person or entity that comes into contact with any portion of the project, no matter how small. For example, under the plaintiffs' reading, G&W would be liable if a FedEx truck in Seattle carrying a package either to or from the project struck a school bus. This scale of liability makes no practical sense and goes far beyond the limits imposed by Kentucky courts. *See, e.g.*, *Pathways, Inc.*

*v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003) ("The most important factor in determining whether a duty exists is foreseeability.") (quoting David J. Leibson, Kentucky Practice: Tort Law § 10.3 (1995)); *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999) (holding that one's duty is "to exercise ordinary care in his activities to prevent foreseeable injury") (quoting *Grayson Fraternal Order of Eagles v. Claywell, Ky.*, 736 S.W.2d 328, 332 (Ky. 1987)).

Ultimately, there is no reasonable basis to predict that a Kentucky court would hold G&W liable to the plaintiffs because G&W owed no duty to Christopher Collins. G&W is therefore severed as a defendant under the fraudulent joinder doctrine. Accordingly, all defendants are diverse from the plaintiffs, and this Court has diversity jurisdiction over this action.

**II.     G&W's Motion to Dismiss**

The plaintiffs also oppose G&W's motion to dismiss, but they start with a major disadvantage. As this Court has recognized in the past, because fraudulent joinder is a jurisdictional doctrine, *see Coyne*, 183 F.3d at 492–93, the defendant's burden is "even more stringent than the motion to dismiss standard," *Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4602747, at *5 (E.D. Ky. Oct. 16, 2008) (Thapar, J.). Because the plaintiffs already lost on the stricter standard for fraudulent joinder, it makes little sense that they could survive the more lenient standard for dismissal.

Predictably, there is "no set of facts in support of [the plaintiffs'] claim which would entitle [them] to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The plaintiffs claim that G&W is liable to them because G&W either negligently scheduled the pipe delivery or has a universal duty of safety

6

to anyone that might come in contact with any aspects of the project. R. 8-1 at 3, 10. The Court must accept the plaintiffs' allegations as true, *see Herron*, 203 F.3d at 414, but that presents little problem here because all parties agree on the facts. They simply disagree as to whether G&W owed Christopher Collins a duty. But as the above discussion illustrates, the plaintiffs cannot establish that G&W owed Christopher Collins a duty. They therefore lack the most fundamental element of a negligence claim. *See Mullins*, 839 S.W.2d at 247. Thus, the plaintiffs cannot maintain an action against G&W.

## CONCLUSION

Accordingly, the plaintiffs' motion to remand, R. 8, is **DENIED**. G&W's motion to dismiss, R. 7, is **GRANTED**. The Clerk shall **TERMINATE** G&W as a defendant.

This the 9th day of February, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge